UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABDULLAY SPENCER NIMHAM EL DEY,

                Plaintiff,

      -against-

DOC,

                Defendants.

22-CV-4028 (LTS)

ORDER TO SHOW CAUSE UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is detained on Rikers Island, filed this action *pro se* and seeks *in forma pauperis* ("IFP") status.[1] The Court directs Plaintiff to show cause by declaration why the Court should not deny his IFP application under 28 U.S.C. § 1915(g), the Prison Litigation Reform Act's "three-strikes" provision.

## PRISON LITIGATION REFORM ACT

    The Prison Litigation Reform Act ("PLRA") added the following three-strikes provision to the IFP statute:

> In no event shall a prisoner bring a civil action…under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Court finds that Plaintiff has accumulated three strikes under the PLRA, and he is therefore barred under § 1915(g) from filing any actions IFP, that is, without prepayment of fees.[2] *See Nimham-El-Dey v. Vasquez*, ECF 1:21-CV-8240, 7 (S.D.N.Y. Mar. 1,

---

[1] Plaintiff, who is detained on Rikers Island, did not submit a prisoner authorization.

[2] In Plaintiff's actions – filed in this court and in the United States District Court for the Eastern District of New York – his name is spelled differently. For example, his last name is spelled "Ninham-El-Dey" in two of his actions filed in this court and his second name is spelled

2022) (dismissed for failure to state a claim); *Ninham-El-Dey v. Health and Hospitals Corp.*, ECF 1:21-CV-8238, 7 (S.D.N.Y. Jan. 18, 2022) (same); *Spencerel v. Department of Corrections Headquarter*, No. 19-CV-6688 (E.D.N.Y. Jan. 8, 2021) (same).

Because Plaintiff is barred under § 1915(g), unless he is "under imminent danger of serious physical injury," he must pay the filing fees. Plaintiff does not allege any facts suggesting that he is in imminent danger of serious physical injury.[3] Instead, Plaintiff alleges that correction officers and medical staff stole his intellectual property, including his "multi-faceted designs for supporting NASA and Elon Musk's space program." (ECF 2, at 7.) He is therefore barred from bringing this action IFP.

## NOTICE AND OPPORTUNITY TO BE HEARD

A *pro se* litigant is generally entitled to notice and an opportunity to be heard before the Court issues a final decision that is unfavorable to the litigant. *See Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case," and prevents unnecessary appeals and remands). The Court therefore grants Plaintiff leave to submit a declaration showing that, while a prisoner, he has not filed three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim. Plaintiff must submit this declaration within thirty days. If Plaintiff does not make this showing, or if he fails to respond to

---

"Spencerel" in the Eastern District action. The Court has determined, however, that all three actions were filed by Plaintiff because they bear the same prison identification number.

[3] An imminent danger is not one "that has dissipated by the time a complaint is filed," *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); rather, it must be one "existing at the time the complaint is filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

this order, the Court will deny Plaintiff's IFP application, dismiss the action without prejudice, and bar Plaintiff from filing future actions IFP while he is a prisoner.[4]

## CONCLUSION

The Court directs Plaintiff to show cause why the Court should not deny his IFP application under the PLRA's three strikes provision, 28 U.S.C. § 1915(g). Plaintiff must file a declaration within thirty days explaining any reason why he should not be barred under the PLRA from filing actions IFP. A declaration form is attached to this order for Plaintiff's convenience. If Plaintiff does not show cause, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application, dismiss this action without prejudice, and bar Plaintiff under § 1915(g) from filing future actions IFP while he is a prisoner.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 31, 2022
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge

---

[4] Plaintiff is not barred from filing a new action if he prepays the entire filing fee.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
| --- | --- |
| Name | Prison Identification # (if incarcerated) |

| Address | City | State | Zip Code |
| --- | --- | --- | --- |

| Telephone Number (if available) | E-mail Address (if available) |
| --- | --- |